IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **ALISHA SALADINO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**MAD CITY HOME IMPROVEMENT, LLC d/b/a MAD CITY WINDOWS & BATHS**<br><br>*Defendant.* | Case No.   0:24-cv-01419<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alisha Saladino ("Plaintiff" or "Ms. Saladino") brings this Class Action Complaint and Demand for Jury Trial against Defendant Mad City Home Improvement, LLC d/b/a Mad City Windows & Bath ("Defendant" or "Mad City") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Mad City violated the TCPA by making telemarketing calls to Plaintiff and

other putative class members listed after they had previously requested to no longer receive such communications.

## PARTIES

3. Plaintiff is an individual residing in this District.

4. Defendant Mad City Home Improvement, LLC d/b/a Mad City Windows & Bath is registered to do business in this District.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has general personal jurisdiction over Mad City because the company places telemarketing calls into this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent into this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## **BACKGROUND**

8. FCC regulations expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do not call list. 47 C.F.R. § 64.1200(d).

9. Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

10. To engage in telemarketing, a company's do not call list procedures must satisfy

six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6).

11. One of them is maintaining an internal do not call list. *Id*. at § (d)(6).

12. Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2).

13. And still another is recording do not call requests and complying with them. *Id*. at § (d)(3).

14. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

## FACTUAL ALLEGATIONS

15. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendants prior to receiving the automated calls at issue.

17. Plaintiff's telephone number, (651) XXX-1186, is a residential, non-commercial telephone number not associated with any business.

18. Ms. Saladino uses the number for personal, residential, and household reasons.

19. Plaintiff has never been a customer of Mad City and never consented to receive calls from Mad City.

20. During the spring or summer of 2023, a representative for the Defendant came to the Plaintiff's door.

21. The Plaintiff informed the Defendant that she was not interested at this time.

22. The representative of the Defendant gathered the Plaintiff's telephone number.

23. Shortly thereafter, the Plaintiff began to receive telemarketing calls from the Defendant.

24. The Plaintiff believes that between the summer of 2023 and November 27, 2023 (the date of the last call) she received approximately 20 telemarketing calls, including calls more than 30 days after she requested that the calls stop.

25. All of the calls were the same scripted telemarketing pitch.

26. The representative of the Defendant would ask information regarding getting an estimate for a window repair.

27. The Plaintiff would inform the Defendant that she was not interested in the Defendant's services.

28. The Plaintiff would then inform the Defendant that they should no longer call her.

29. The Defendant would then call again.

30. Indeed, the Plaintiff received so many calls that she posted the following review, which the Defendant responded to:

> DON'T ANSWER THE DOOR!!! I was friendly and listened to the spiel. Told them that while we can't afford it now, possibly in a couple years. The phone calls don't stop. I have blocked them. I have asked them to stop calling. I have told them to stop calling. It is now at the point of harassment and bullying. Any further form of constant from them, it will be a very big problem. I will report them to Better Business Bureau and possibly seek legal assistance. I will never call them for any reason! Mad City if you read this , I am saying NO and stop harassing me.
>
> **Response from the owner** 3 months ago
> Hi Alisha, Thank you for your feedback. We are very sorry to hear about your experience with us. We do want to assure you that this is not the norm and customer service and satisfaction are our #1 priorities here at Mad City. We passed along this feedback to the proper team members, so we can investigate, and resolve the issues you mentioned.

*See* https://maps.app.goo.gl/6EktcTMZsdXhkkNp7 (Last Visited March 19, 2024).

31. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

33. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Internal DNC Class:** All persons in the United States who: (1) previously requested that their telephone numbers no longer be called by Defendant at least 31 days previously, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Mad City's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

34. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

35. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

36. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over

any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

      a.      Whether Defendant should be held liable for violations on its behalf; and

      b.      Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

38.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

39.    In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

      a.      The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

      b.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

40. Plaintiff repeats the prior allegations of this Complaint and incorporate them by reference herein.

41. Defendant placed numerous calls for telemarketing purposes to Plaintiffs and Internal DNC Class Members' telephone numbers.

42. Defendant did so despite not having a written policy pertaining to "do not call" requests.

43. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

44. Defendant did so despite not recording or honoring "do not call" requests.

45. Defendant placed two or more telephone calls to Plaintiffs and Internal DNC Class members in a 12-month period more than 30 days after they requested that the calls stop.

46. Plaintiff and Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

47. Plaintiff and Internal DNC Class members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Internal DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Internal DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Internal DNC Class pursuant to 47 U.S.C. § 227(c)(5); and

E. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 19th day of April, 2024.

By: */s/ Raina C. Borrelli*
Raina C. Borrelli (MN No: 0392127)
raina@turkestrauss.com
Samuel J. Strauss (*pro hac vice to be filed*)
sam@turkestrauss.com
Alex Phillips (*pro hac vice to be filed*)
alexp@turkestrauss.com
613 Williamson St., Suite 201
Madison, WI 53703
Telephone (608) 237-1775
Facsimile: (608) 509-4423

Anthony I. Paronich (*pro hac vice to be filed*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043

8

Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and Proposed Class*