UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alisha Saladino and David Donahue, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Mad City Home Improvement, LLC doing business as Mad City Windows & Baths,<br><br>Defendant. | Civil No. 24-cv-1419 (NEB/ECW)<br><br><br><br>**ORDER FOR RULE 26(f) REPORT** |

  Defendant moved to separate individual claims discovery from class discovery in this action, and in particular to trifurcate discovery into three distinct phases: individual claim discovery, class discovery (if needed), and class merits discovery (if needed). (Dkt. 19; Dkt. 21; Dkt. 75 at 1-3; Dkt. 76.) Plaintiffs opposed the motion. (Dkt. 39; Dkt. 74; Dkt. 75 at 3.) In view of the Amended Complaint filed on July 8, 2024; the February 18, 2025 Order denying Defendant's Motion to Dismiss for Failure to State a Claim and Defendant's Motion to Strike Class Allegations (Dkts. 30, 77); and the procedural posture of the case, the Court finds that Defendant has not shown good cause to bifurcate or trifurcate discovery in this action and **DENIES** the Motion to Bifurcate Discovery (Dkt. 19). Accordingly, the parties must jointly prepare and file a complete written Rule 26(f) Report on or before **March 5, 2025**. The Report must incorporate the dates proposed as "Plaintiff's Proposed Discovery Schedule" set forth on page 3 of Docket Entry 75 and address the additional matters set forth below.

  **NOTE:** The Report must be submitted in the attached format. Please email a copy of the report in Word format to Magistrate Judge Wright at [Cowan_Wright_Chambers@mnd.uscourts.gov](mailto:Cowan_Wright_Chambers@mnd.uscourts.gov). If the parties request a Rule 16 conference, they should include that request in the body of the email with the copy of the Report in Word format.

      In addition, each party must email to chambers on or before **March 5, 2025** a confidential settlement letter addressing what settlement discussions have taken place, including specific demands and specific counter offers. The letter must address whether the party believes the case is appropriate for a private mediation or a settlement conference before the Court and when the party believes the private mediation or settlement conference would be productive. If a party believes setting status conferences or deadlines for joint email updates regarding settlement would facilitate settlement, they should say so in their letter and provide proposed timing. The letter must also address what discovery is needed for a productive private mediation or settlement conference.

      Failure of any party or counsel to comply with any part of this Notice may result in the imposition of an appropriate sanction on the party or attorney who failed to comply, or both.


Dated: February 19, 2025            <u>*s/Elizabeth Cowan Wright*</u>
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge

Attachment

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *,<br><br>        Plaintiff*,<br><br>v.<br><br>*,<br><br>        Defendant*. | Civil No. *<br><br>**RULE 26(f) REPORT** |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on _____, and prepared the following report.

## **DESCRIPTION OF CASE**

1. Concise factual summary of Plaintiff's claims;

2. Concise factual summary of Defendant's claims/defenses;

3. Statement of jurisdiction (including statutory citations);

4. Summary of factual stipulations or agreements;

5. Statement of whether jury trial has been timely demanded by any party;

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

## **CLASS CERTIFICATION MOTION (*if applicable*)**

1. Plaintiff(s) shall file their motion for class certification on or before _____.

2. Defendant(s) shall file papers in opposition on or before _____.

3. Plaintiff(s') reply shall be filed on or before _____.

## **DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section.

## **FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before _____.

2. Fact discovery procedures shall be commenced in time to be completed on or before _____.

3. The parties **do / do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

   a) No more than a total of _____ interrogatories, counted in accordance with Rule 33(a), shall be served by each side.[1]

   b) No more than _____ document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

   c) No more than _____ requests for admissions shall be served by each side.

5. No more than ____ Rule 35 Medical Examinations shall be taken by Defendant and completed by _____.

6. No more than _____ depositions, excluding expert witness depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

   The parties have reached the following additional agreements concerning the taking of depositions: _____.

8. The parties have agreed upon the following additional limitations on discovery procedures: _____.

9. <u>Other discovery issues</u>.

   a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R.

---

[1] The parties shall discuss and include in this section whether the proposed limitations should be per side or per party, along with definitions of those terms if needed. They shall also discuss and include whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

3

    Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: _____.

    [**NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e-mailed to the chambers e-mail box.]

b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do / do not** request the Court to include the following agreement in the scheduling order or as part of a protective order:

    The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

  If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: _____.

**EXPERT DISCOVERY**

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will / will not** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to \_\_\_ experts.  Defendant anticipates calling up to \_\_\_ experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Plaintiff[2] on or before _____.
    Disclosures by Plaintiff on or before _____.

    b) Identities by Defendant on or before _____.
    Disclosures by Defendant on or before _____.

    c) Rebuttal identities and disclosures on or before _____.

3. Expert discovery, including depositions, shall be completed by _____.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before _____.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before _____.

---

[2] The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines for the disclosing party by who bears the burden of proof on an issue rather than by plaintiff or defendant.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before _____.
[**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of fact discovery.]

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before _____. [**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of expert discovery.]

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## DISPOSITIVE MOTION DEADLINES

The parties **do / do not** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed

and served (and heard, depending on District Judge assigned) on or before
_____.

**SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before filing their Rule 26(f) Report, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must discuss whether they believe the case is appropriate for a private mediation or a settlement conference before the Court and when they believe the private mediation or settlement conference would be productive. They should discuss whether setting status conferences or deadlines for joint email updates regarding settlement would facilitate settlement and what discovery is needed for a productive private mediation or settlement conference.

   The results of that discussion, including any proposals or recommendations, are as follows: _____.

2. Each party will email to Magistrate Judge Wright's chambers, no later than **March 5, 2025**, a confidential letter of no more than three (3) pages encompassing the matters discussed in paragraph 1 of this section. The letter may include any additional information the party thinks would be helpful in planning or furthering settlement efforts. This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.

**TRIAL**

1. Trial by Magistrate Judge:

   The parties **have / have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on _____. The anticipated length of the **bench / jury** trial is \_\_\_\_ days.

DATE: _____   _____
Plaintiff's Counsel
License #
Address
Phone #
E-mail

DATE: _____   _____
Defendant's Counsel
License #
Address
Phone #
E-mail