UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **ALISHA SALADINO and DAVID DONAHUE,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MAD CITY HOME IMPROVEMENT, LLC** d/b/a **MAD CITY WINDOWS & BATHS,**<br><br>Defendant. | Case No. 0:24-cv-01419-NEB-ECW<br><br>Honorable Magistrate Judge Elsa M. Bullard<br><br>**DECLARATION OF ANTHONY PARONICH IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

1. I am counsel for Plaintiffs in the above-captioned case. This declaration supports Plaintiffs' Motion to Compel Discovery, and the attachments thereto, including **Exhibits A-C**, filed herewith in support of this motion.

2. The Parties exchanged initial disclosures in March 2025. However, Mad City failed to identify any representatives or employees who may have information related to this case. A true and correct copy of Defendant's Initial Disclosures are attached to this declaration as **Exhibit A.**

3. Plaintiff served discovery requests on Mad City consisting of fourteen interrogatories and eighteen document requests and on April 3, 2025, Mad City served its responses. A true and correct copy of Defendant's Responses to Plaintiffs' Discovery Requests are attached to this declaration as **Exhibit B**. But Mad City's responses were riddled with boilerplate objections and failed to provide substantive responses. Out of the

1

fourteen interrogatories, Mad City refused to answer nine (Nos. 1, 3, 4, 5, 6, 7, 11, 13, 14) and withheld information when responding to the remaining six (Nos. 2, 8, 9, 10, 12).

4. Around two weeks later, Mad City produced only 18 pages in document production, withholding all other documents under the same objections. Indeed, Mad City refused to produce anything beyond a portion of its Standard Operating Procedure for managing "Do Not Call" requests, a lead generation agreement between itself and Renuity, and a Guardian TCPA Report prepared for "Links Quotes."

5. Mad City has not produced its outbound call records, consumer complaints, any communications between itself and its vendors, or any communications between itself and any third parties concerning Plaintiffs and this litigation. Plaintiffs cannot advance their case with Mad City's 18-page production, as it is withholding the most basic evidence in this case.

6. To avoid motion practice, the parties have met and conferred by phone, video conference, and email. Following Plaintiffs' counsel's meet and confer efforts, Mad City agreed to supplement *some* responses by June 18, 2025. *Id.* Yet it never followed through.

7. For example, when the Parties met and conferred about Request for Production, Number 17, seeking outbound call records, Mad City confirmed it understood what information Plaintiffs were seeking, and agreed to consider what volume of EverConnect leads exist and/or canvassing by June 18, 2025. But Mad City ignored Plaintiffs' attempts to revisit this issue.

8. Accordingly, on September 15, 2025, Plaintiff filed a motion to compel the following categories of information: (A) basic witness information, including information

regarding Mad City's vendor(s) (Interrogatory Nos. 1, 5, 6, and 8); (B) the dialing system it used to place the calls to Plaintiffs (Interrogatory Nos. 5 and 12); (C) complaints directed at Mad City or its vendor's outbound telephone calls (Request No. 5); (D) Mad City's outbound call and text records (Request No. 17); and (E) communications within Mad City and with other third parties as it relates to Plaintiffs and this litigation (Requests Nos. 8 and 18; Interrogatory No. 11).

9. The Court held an informal status conference on October 9, 2025, during which it directed the Parties to meet and confer and instructed Plaintiff to withdraw the then-pending motion to compel and re-notice the motion for November 13, 2025, if necessary.

10. The Parties continued their meet and confer efforts, including correspondence by videoconference, and on October 28, 2025, Mad City provided Supplemental Discovery Responses to Interrogatories Nos. 1, 5, 6, 8, 11, and 12, and Request for Production No. 18. A true and correct copy of Defendant's Supplemental Responses to Plaintiff's First Set of Discovery are attached to this declaration as **Exhibit C**.

11. Following additional meet and confers in November and December 2025, Mad City confirmed it would not produce documents responsive to Plaintiffs' Request Nos. 5 (complaints directed at Mad City or its vendor's outbound telephone calls) and 17 (Mad City's outbound call and text records), necessitating Plaintiffs' January 20, 2026 Motion to Compel.

12. However, on November 11, 2025, Mad City clarified that although it had not supplemented its response to Request No. 8 in its October 28, 2025 supplemental

3

responses, it had intended to do so and that was an oversight. During that same conference, Mad City also agreed to produce documents responsive to Requests for Production Nos. 8 and 18 and to serve a second set of supplemental responses to Interrogatories Nos. 5 and 11, which would at the very least would specifically identify its dialing system.

13. On November 15 and November 19, 2025, I followed up with Mad City regarding its promised responses. On November 19, 2025, in an email to me, Mad City agreed to provide its "updated responses next week." It did not.

14. I follow up again on December 1 and December 6, 2025. On December 8, 2025, in an email to me, Mad City promised "to serve a second supplement to…Interrogatory No. 5, Interrogatory No. 11, RPD 8 and 18 by the end of this week," and further stated that it intended to produce the responsive documents the following week. It did not.

15. I continued to follow up in December and January, noting that Mad City's responses had been outstanding for months.

16. The Parties then held a videoconference on January 8, 2026, in which Mad City again promised to provide documents responsive to Requests for Production Nos. 8 and 18 and to serve a second supplemental response to Interrogatories Nos. 5 and 11.

17. On January 12, 2026, in an email to me, Mad City claimed that it was "continuing to work on obtaining the requested information" and would "revert as soon as possible."

4

18. I followed up multiple times in January and February, but Mad City continued to delay, at various points stating that it had a call scheduled with its client or that it would respond after further internal discussions.

19. Despite Mad City's repeated assurances, Plaintiffs are still waiting for Mad City's second supplemental response to Interrogatories Nos. 5 and 11 and the documents responsive to Requests for Production 8 and 18. To date, Mad City has not produced any communications between itself and its vendors, or any communications between itself and any third parties concerning Plaintiffs and this litigation, despite agreeing to do so.

20. Furthermore, throughout this litigation, Mad City has repeatedly stalled and delayed, including in connection with Plaintiffs' pending motion to compel and other key deadlines. For example, on January 12, 2026, Mad City sought additional time to prepare its expert report "due to the volume and complexity of the data at issue." ECF Nos. 100, 103. I agreed to a 28-day extension, moving the deadline to February 20, 2026, but Mad City failed to serve an expert report by that date and has not done so since, despite Plaintiffs' follow-up. ECF Nos. 100, 103, 105.

Pursuant to 28 U.S.C. § 1746, I declare signed under penalty of perjury of the United States of America that the foregoing is true and correct.

*[Counsel signatures to follow on next page.]*

Date: March 9, 2026

By:    */s/ Anthony Paronich*
Anthony Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiffs*
*and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that on March 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 9th day of March, 2026.

                                                  Respectfully submitted,

*/s/ Raina C. Borrelli*
Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com