## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA (DMN)

| | |
|---|---|
| **Alisha Saladino** and **David Donahue**, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>**Mad City Home Improvement, LLC** *doing business as* Mad City Windows & Baths,<br><br>       Defendant. | Case No. 0:24-cv-01419-NEB-EMB |

### DECLARATION OF ERIC J. TROUTMAN IN SUPPORT OF DEFENDANT MAD CITY HOME IMPROVEMENT, LLC'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL

I, Eric J. Troutman, declare:

1. I am an attorney and partner at Troutman Amin, LLP, and am lead counsel for Defendant Mad City Home Improvement, LLC ("Mad City") in this matter.

2. I am over the age of eighteen (18) years, and I have direct and personal knowledge of the matters set forth in this Declaration. If called and sworn, I could and would competently testify to the following facts. I submit this Declaration in support of Defendant Mad City Home Improvement, LLC, d/b/a Mad City Windows & Baths ("Mad City") Opposition to Plaintiffs' Second Motion to Compel.

3. On November 11, 2025, counsel for both parties met and conferred regarding discovery issues in this matter.

- 1 -

4.      There, Mad City's counsel agreed to supplement Interrogatories No. 5 and 11, and Request for Production No. 8 and 18, and informed Plaintiffs' counsel that it would not produce responsive documents to Request for Production No. 5 and 17.

5.      Plaintiffs' counsel had followed up with Mad City on numerous occasions for the updated supplement, and had been informed that Mad City was working on putting the requested information together.

6.      In December, 2025, Jenniffer Cabrera, who was lead counsel for Mad City at the time, had left Troutman Amin.

7.      On January 9, 2026, Plaintiffs' counsel followed up via email on the supplement, informing Mad City that they would like an update as they would like to leave these issues out of a motion to compel and informed Mad City's counsel that they understood the delay was likely due to Jenniffer Cabrera's departure. Plaintiffs' counsel also requested deposition dates for Elias Ladas and Lauren Kinglsey.

8.      Mad City's counsel responded, explaining that they are continuing to work on obtaining the requested supplement.

9.      On January 26, 2026, the parties met and conferred regarding updating the briefing schedule for the First Motion to Compel, and the status of the supplement. There, I informed Plaintiffs' counsel that we still would like to provide the supplement, but we are having trouble getting in touch with Mad City's in-house counsel to receive sign off for the production.

10.     On February 1, 2026, Plaintiffs' counsel informed Mad City's counsel that they intend on filing another motion on the supplement and unilaterally noticing the

deposition dates for Elias Ladas and Lauren Kinglsey. Mad City's counsel informed Plaintiffs' counsel that they were finally able to schedule a call with Mad City regarding this production and the deposition dates, and will circle back following the call.

11. On February 25, 2026, the parties met and conferred again regarding a second extension to the briefing schedule of the First Motion to Compel. There, I informed Plaintiffs' counsel that we will provide a deposition date for Elias Ladas and the last known address for Lauren Kingsley. I had also informed Plaintiffs' counsel that the supplement will be produced soon, as I was now in touch with Mad City's in-house team. This information was provided on the following day, February 26, 2026.

12. From February 25, 2026, to March 9, 2026, the parties worked closely on coordinating an in-person deposition date for Elias Ladas, and successfully scheduled a date for April 28, 2026.

13. That is why Plaintiffs' filing of their Second Motion to Compel, on March 9, 2026, came as a shock to Mad City, as I am sure it did to this Court as well. The parties have been in direct contact and communicating in good faith. At no point during any of the parties' meet and confer efforts did Plaintiffs' counsel inform me that they were going to file the Second Motion to Compel. Making matters even more shocking is that Plaintiffs' counsel knew that Mad City's opposition to Plaintiffs' First Motion to Compel was due on March 12, 2026. At bottom, it would seem Plaintiffs' counsel intended to unduly burden Mad City with a Second Motion to Compel, as Mad City was focused on providing its Opposition to the First Motion to Compel.

14. After Mad City submitted its Opposition to Plaintiffs' First Motion to Compel

on March 12, 2026, Mad City provided its second supplemental production on that same day. The production included everything Mad City had agreed to provide during its meet and confers with Plaintiffs' counsel.

15.     Since Mad City's Opposition to Plaintiffs' Second Motion to Compel was due on March 16, 2026, the parties agreed to extend the Opposition date to March 30, 2026, to allow Mad City to have time to prepare an Opposition, as well as to allow Plaintiffs' counsel time to review the production Mad City had made on March 12, 2026.

16.     Plaintiffs have not withdrawn their Second Motion to Compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of March, 2026, in Irvine, California.

/s/ Eric J. Troutman
Eric J. Troutman

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Eric J. Troutman*
Eric J. Troutman